IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andrew A. Oliver,                                            Case No. 3:08 CV 1734

                Plaintiff,            O R D E R

            -vs-                                        JUDGE JACK ZOUHARY

Robert M. Baratta, et al.,

                Defendants.

This matter is before the Court on Plaintiff's Emergency Motion for Reconsideration (Doc. No. 19). The Court has also received the Opposition of Baratta Defendants (Doc. No. 24) and Defendant NCAA (Doc. No. 25).

Plaintiff's Motion for Reconsideration addresses the timeliness of the removal by the Baratta Defendants. Plaintiff has supplied the Court with documentation, unrefuted by Defendants, that the Baratta Defendants were served on June 12, 2008. Defendants were properly served at their business address by certified mail, which is permissible under Ohio Civil Rule 4 (the same business address used in correspondence to Plaintiff). Removal papers were filed by the Baratta Defendants on July 19, 2008, more than thirty days after the service. Under these circumstances, service was reasonably calculated to notify Defendants of the lawsuit and did not violate Due Process.

Defendants also argue the joinder in the removal by Defendants Goldberg, Martin and NCAA cures the untimely removal because (1) the thirty-day period for removal is calculated from the time

the particular Defendant was served or received notice of the lawsuit; and (2) these Defendants all joined in the removal within thirty days of being served or receiving notice.

Plaintiff suggests Defendants NCAA and Goldberg cannot provide the basis for removal because they are citizens of the forum state. 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**.") (emphasis added). Whether these Defendants are "properly joined" is an open issue which this Court has not yet decided. Pending resolution of this issue, the Court declines to enforce the forum defendant rule to remand the case, just as it cannot remand for lack of diversity while the fraudulent joinder issue remains pending.

However, it is unnecessary to resolve whether their joinder saves the removal because Defendant Martin's joinder, and later consent on the Record to the Baratta Defendants' removal, is both timely and proper, pending resolution of the fraudulent joinder issue. Defendant Martin is a citizen of Oklahoma, so the forum defendant rule in Section 1441(b) does not affect his ability to remove.

Plaintiff makes three arguments that apply to Martin: (1) he has not yet been properly served and therefore cannot be considered for purposes of removal; (2) he, like Goldberg and NCAA, claims he is fraudulently joined and thus cannot simultaneously ask this Court to cure the untimely removal on the basis of his consent or joinder; and (3) even assuming he could do so, he has not filed an independent notice of removal and cannot "bootstrap" the untimely Baratta removal.

2

Plaintiff points to the current state court docket, which reflects that process has not successfully been served upon Martin, and cites the general rule that an unserved defendant is not considered for purposes of removal. MOORE'S § 107.14[2][c][ii]. However, by entering a general appearance through counsel at the July 25th hearing before this Court, Martin effectively waived service of process. At that time, he also consented to the removal on the Record in open court. Therefore, any objection by Plaintiff on this basis is not well-taken.

Next, Plaintiff argues none of the Defendants who claim they are fraudulently joined may simultaneously urge this Court to accept their joinder or consent in the removal. Plaintiff cites the general rule that fraudulently joined parties are not considered for purposes of removal. MOORE'S § 107.14[2][c][iv] This argument, too, misses the mark because the issue of fraudulent joinder is currently the subject of discovery between the parties and has not yet been adjudicated by this Court. Accordingly, this rule does not apply to these Defendants, including Martin. While the Court acknowledges the inherent inconsistency in arguing on the one hand that a party is fraudulently joined and on the other that it can effectively remove a case, Plaintiff points to no authority beyond the general rules prohibiting Defendants' position. Furthermore, this position is tenable because, again, the fraudulent joinder issue, and the status of these parties, has yet to be determined. The Court cannot definitively state these parties have no right to remove **until** it decides whether they are fraudulently joined.

Finally, the Court finds Defendants persuasively argue that *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999) supports the proposition that later-served defendants, such as Martin, may cure the untimeliness of the Barattas' removal. Plaintiff provides no authority to the contrary. Accordingly, although the Barattas were untimely in removing the case,

3

Defendant Martin's appearance in this Court, which waived service, as well as his consent to removal on the Record, served to make removal timely. It would make no sense for a defendant who has already joined in a removal and appeared in the federal court action to be required to file a redundant notice of removal.

The Court therefore declines to remand the case at this time, and the Motion for Reconsideration is denied.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                August 8, 2008