IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andrew A. Oliver,                                                Case No. 3:08 CV 1734

                Plaintiff,                              ORDER

       -vs-                                                        JUDGE JACK ZOUHARY

Robert M. Baratta, et al.,

                Defendants.

      This case is reminiscent of an Okie tornado which gathers speed and heads in one direction, only to abruptly make a turn and speed toward another target.  A brief procedural history is in order.

      Plaintiff Andrew Oliver originally filed this action in the Erie County Court of Common Pleas. Defendants Robert Baratta, Tim Baratta, and Baratta & Baratta ("Baratta Defendants") filed a Notice of Removal (Doc. No. 1) to this Court under diversity of citizenship.  Plaintiff filed a Motion for Remand (Doc. No. 15), arguing Defendants' removal was untimely and no diversity existed because Defendants Brian Goldberg, NCAA, and Icon Sports Group are Ohio citizens. In its Notice of Removal and at oral argument, the Baratta Defendants maintained Goldberg, NCAA, and Icon were fraudulently joined to the action, named as defendants solely to defeat diversity.

      The Court found the Baratta Defendants' removal timely (Doc. No. 17) and then, with counsel's approval, set an expedited schedule for ruling on the issue of fraudulent joinder (Doc. Nos. 38 & 43). Plaintiff then chose to dismiss the NCAA as a defendant (Doc. No. 40) (leaving Goldberg and Icon as the only remaining potential Ohio defendants).  Plaintiff turned around and filed suit against the NCAA in Erie County state court at which point all parties agreed to stay further discovery and briefings in this federal court action until the state court case was resolved (Doc. Nos. 49 & 51).

Before this Court now is a Notice of Withdrawal of Removal (Doc. No. 52) filed by the Baratta Defendants, with the consent of Plaintiff, in which the Baratta Defendants ask this Court to remand this case back to Erie County. Defendant Goldberg objected and filed a Motion to Strike the Notice of Withdrawal (Doc. No. 54). After Goldberg filed the Motion to Strike, Plaintiff voluntarily dismissed both Goldberg and Icon as parties to this action (Doc. No. 55). With this dismissal, Plaintiff rendered moot the question of fraudulent joinder. True diversity undoubtedly now exists because Plaintiff has voluntarily dismissed all potential Ohio defendants who would defeat diversity. Thus, this Court has jurisdiction and the parties no longer need to wrestle with that issue.

This leaves the issue of whether the parties can divest this Court of jurisdiction by withdrawing the removal. *Gingerich v. White Pigeon Cmty. Sch.*, 736 F. Supp. 147, 151 (W.D. Mich. 1990) and *Herrera v. County of Los Angeles*, No. CV0505813, 2005 WL 2008194 (C.D. Cal. Aug. 18, 2005), each involved a proposed withdrawal of a removal petition. Both cases held that the parties were estopped from "withdrawing" or "rescinding" their petition for removal, and effectively stayed the cases pending resolution of related state court actions. This Court already has a stay in place and, unless the parties wish to file a Federal Civil Rule 41(a)(1) Stipulation of Dismissal, the Court's previously ordered stay will remain in effect. If a Dismissal is not filed, parties are to file a Status Report within thirty (30) days.

And so it goes. The Court waits and refrains from casting its finger to the wind because there is simply no telling from which direction the next gust will blow.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 17, 2008